# Richmond.

STEARNS'S EX'OR v. RICHMOND PAPER MANUFACTURING CO.

DECEMBER 19, 1895.

1. SECOND APPEAL—*Construction of Former Decree—Water Privileges.*— Appellee filed its bill against appellant to recover certain water rents under a contract made in 1846, and to ascertain the exact nature, status, and extent of the water rights and privileges pertaining to the property of the appellant. It appearing that appellee owned property above the premises of appellant and had been compelled to largely increase its supply of water since the contract of 1846, which water flowed through the premises of appellant, the trial court gave a decree for the rent due according to the rate fixed by the contract of 1846, and decided that appellee might divert the excess, and use it as its own, free from any claim of appellant. On appeal it was held that appellee could not divert the excess without first giving appellant an opportunity to elect, if he chose, to take the whole flow, upon condition of paying for the same, and the case was remanded to the trial court. Thereupon appellant served upon appellee a written notice of his election to take the whole flow from and after *the date of his election.* The trial court decided that appellant should pay for the increased flow from the date of *the new contract* made by appellee for an increased supply.

*Held :*

This was error. The appellant was, by the terms of the former decree of this court, only bound to pay for the increased flow from *the date of his election.*

Appeal from a decree of the Chancery Court of the city of Richmond, pronounced March 11, 1893, in a suit in chancery, wherein the appellee was the complainant, and the appellant was the defendant.

*Reversed.*

The opinion states the case.

*H. G. Cannon*, for the appellant.

*Christian & Christian* and *T. C. Gordon*, for the appellee.

HARRISON, J., delivered the opinion of the court.

This cause was decided by this court on its merits September 16, 1890, and the opinion then pronounced is reported in 86 Va. 1034.   The present appeal involves the construction of the decree entered at that time.

It is necessary to advert briefly to the proceedings disclosed by the record of the former appeal for an intelligent understanding of the question raised by the record now before us. Under a certain deed, dated November 6, 1846, it appears that the appellant here was entitled to a prescribed and limited flow of water from the canal in question, over his premises, for which he was to pay an annual rent of $300 *per annum*.   It also appears that this limited flow was totally inadequate for the purpose for which it was employed, and that as a matter of fact for a long series of years appellant had been receiving without question a much larger flow, and without any additional rent being demanded by those entitled to control the water.   The control and ownership of this water right passed into the hands of the Richmond and Alleghany Railroad Company, as purchasers of the old James River and Kanawha Canal.   The appellee, who owned and conducted a paper manufactory just above the appellant, in order to obtain a sufficient supply of water to run its mill, was forced to make a new contract for water, by which it was obliged to pay a greatly increased rent.   The same water received by appellee ran from its mill through the property of appellant, and he thus derived the same benefit from the water received under the new contract as was enjoyed by the appellee.

In 1881 a bill was filed by appellee, in which the facts were fully set forth, and the court asked to decree against the appellant for certain rent then due for water under the old contract at $300 *per annum*, and that the exact nature, status, and extent of the water rights and privileges pertaining and belonging to the property of appellant might be adjudicated and determined   With this bill is filed as an exhibit a notice served by appellee upon appellant, setting forth the new contract made by it to secure the necessary water, stating the limited and totally inadequate supply appellant was entitled to under the old contract, and informing him that as soon as certain arrangements were perfected appellee intended to divert from his premises so much of the water then passing over the same as was in excess of the quantity appellant was entitled to under the old contract.   After much evidence had been taken, the cause came on to be finally heard by the Chancery Court on the 24th day of November, 1888, when a decree was entered holding that appellant was only entitled to the limited supply of water prescribed in the contract of 1846, and that he was not, as owner of the premises or otherwise, entitled to receive from appellee any water now or hereafter flowing to its premises in excess of the limited quantity heretofore specified and decreed, but that, as to any such excess, appellee should have the right at all times to divert the same, and use it as its own, free from any claim of appellant.   The court then decreed against appellant the rents due at $300 *per annum*, under the old contract, from 1881 to July, 1887, reserving in the decree the rights of the parties as to the rent falling due July, 1888, as the bill filed did not cover that instalment of rent.   From this decree the former appeal was taken to this court.

It seems to us very clear from the opinion of this court and its decree that the decree of the Chancery Court was affirmed in all respects except in one particular, this court holding

that it was not proper to deprive appellant of the flow of water received by appellee under the new contract, in excess of the flow appellant was entitled to under the old, without giving appellant the opportunity to elect, if he chose, to take the whole flow, and pay it for one-half the cost; and, if appellant did not elect to take the whole water, and pay his proportion of the cost, that then appellee should have the right to divert the same, as decreed by the court below, and that appellant should be entitled to receive only the amount originally contracted for, and for which he must pay according to the terms of the decree appealed from.   Thus amended, the decree was affirmed, and the cause remanded to the Chancery Court to be proceeded with in accordance with said opinion.   A short time after this decision, to-wit, on the 20th of November, 1890, appellant filed in the papers of the cause, pending in the Chancery Court, a formal notice in writing, exercising the right given him by the decree of this court, electing to receive from and have delivered to him by appellee, from and after the date of his election, the excess of water mentioned in the decree, and upon the terms of payment therefor specified in said decree.

It is now insisted by appellee that, since appellant has elected to take the excess of water from and after the date of his election, and pay for it the increased rent, under the terms of this court's decree, he is also bound to pay the increased rent from 1881—the time appellee made the new contract.

This contention is not sustained by the decree of this court. As we have already seen, the original bill filed by appellee did not pretend that appellant was bound by the new contract, made by the former without the latter's knowledge or consent, and only asked for a decree for rent at the rate prescribed by the old contract, and further asked that the court would establish its right to divert the excess of water.   The court

took appellee's view, and decreed the rent then due at $300 *per annum* up to July, 1887, and established the right of appellee to divert the excess of water. This court affirmed that decree in all respects, save and except only that it gave appellant the right to elect to take the water at the increased rent before appellee should have the right to divert it. The original bill had no reference to past increased liability for water flowing over appellant's property, and the decree of the lower court negatives that idea by decreeing only for the old rate of rent, which was all appellant was bound for, and declared that appellee had the right, if it chose, to divert all the water except the quantity specified by the contract of 1846.

This court, by its decree, finally settled all questions respecting the rights of the parties. It affirmed the decree of the Chancery Court, only modifying it by holding that appellant should be entitled to receive from the appellee any water *now or hereafter flowing* through the canal, in excess of the amount specified in the original contract, upon the payment by him of one-half the cost of the same, and that appellee should not divert the water until appellant had the opportunity of taking the same upon the terms prescribed. The decree of this court, like that appealed from, imposed no liability upon appellant for water that had already passed over his land, but only related to the use of the water in the future, if appellant should elect to use it.

For the foregoing reasons, we are of opinion that the Chancery Court erred in holding appellant liable for water rent in excess of $300 *per annum,* prior to the date of his election to use the water at the increased rate.

The decree appealed from must therefore be reversed and set aside, and this cause remanded to the court below, to be proceeded with in accordance with the views expressed in this opinion.

*Reversed.*